# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DIALLO CORLEY,

        Defendant-Appellant.

UNPUBLISHED
December 27, 2016

No.   328532
Wayne Circuit Court
LC No.   14-007466-01-FC

Before:  JANSEN, P.J., and MURPHY and RIORDAN, JJ.

JANSEN, P.J. (*concurring in part and dissenting in part*).

I concur with the majority's conclusions regarding defendant's claims of prosecutorial misconduct, sufficiency of the evidence, great weight of the evidence, judicial fact-finding, and ineffective assistance of counsel.  However, I disagree with the majority's conclusion regarding defendant's newly discovered evidence claim.  Instead, I believe that defendant's convictions and sentences should be reversed and the case remanded for a new trial based on newly discovered evidence.

As the majority explains, a new trial may be granted on the basis of newly discovered evidence only if "(1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial." *People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003) (quotation marks and citations omitted).  Only the last element is at issue in this case.

I disagree with the majority's conclusion that there was significant evidence in the record supporting the trial court's credibility determination.  Instead, I believe that the trial court abused its discretion by basing its decision on Johnson's prior criminal history, rather than on the substance of Johnson's testimony.  Indeed, Johnson's testimony was consistent with regard to the facts of the shooting.  Johnson testified that he saw the shooting, the shooting occurred in a different manner than Wray described, and defendant was not the shooter.  Johnson explained that he observed the shooter walk out from between two houses and shoot the victim.  While Johnson testified that he dodged behind a car during the shooting, he testified consistently regarding the circumstances immediately before and after the shooting.  Importantly, Johnson unequivocally testified that he saw the shooter's face and that he had not seen defendant before.

-1-

I disagree with the majority's reasoning that the fact that Johnson left the area and resumed his regular activities without rendering aid to the victim or telling anyone about the incident indicates that his testimony was not credible. Johnson explained that he did not render assistance or mention the shooting to anyone because he had prior criminal convictions, and he did not want to get involved with the situation considering his history with the criminal justice system. I do not believe that the fact that Johnson failed to report the incident or provide aid to the victim following the incident rendered his testimony regarding the nature of the shooting incredible. Instead, I believe that this is a factor for the jury to consider during a new trial.

Further, I do not believe that Johnson's prior armed robbery conviction is outcome-determinative. While Johnson could be impeached with his armed robbery conviction at trial, the jury is not bound to discredit Johnson for the sole reason that he has a prior armed robbery conviction. I also disagree with the trial court's conclusion that "to put [Johnson's] testimony on par with that of Calvin Wray and Anthony Day is a stretch." Wray's testimony raised numerous credibility concerns. For example, Wray admitted to lying to a physical therapist about the origin of his injuries, indicating that they occurred during an armed robbery rather than during a drive-by shooting. In fact, Wray even admitted at trial to lying under oath regarding his middle name during the preliminary examination. Further, like Johnson, Wray admitted to having a criminal record involving theft. Wray explained that he used someone else's credit card during a transaction. Thus, I do not believe that Wray's testimony was inherently more believable than Johnson's testimony. Additionally, Day did not witness the shooting, and the only incriminating testimony he provided was that Wray told him that "Diallo" shot him. However, Day admitted that he did not tell the police or anyone else that Wray identified "Diallo" as the shooter until the trial. Further, Wray consistently referred to defendant as "Diablo" during trial, which creates an inconsistency between Day's testimony and Wray's testimony.

I also do not see the trial court's rationale regarding its conclusion that Johnson's distrust of the criminal justice system rendered him incredible. The trial court failed to explain how Johnson's prior contact with the criminal justice system made his testimony regarding the circumstances of the shooting in this case less believable. There does not seem to be any rational basis for Johnson to make up a story regarding the shooting. At no point was Johnson accused of being the shooter. Further, Johnson provided a consistent story regarding the manner of the shooting when he was interviewed before the hearing, and there is no indication that Johnson was made aware of Wray's version of events before the hearing. Johnson did not know defendant, and there is no basis to conclude that Johnson's distrust of the criminal justice system and his criminal history would cause him to make up a detailed story involving personal facts in order to aid a stranger. Therefore, I do not believe that the trial court properly exercised its discretion by concluding that Johnson's distrust of the criminal justice system discredited his testimony.

In addition, contrary to the majority's conclusion, Johnson did provide a detailed description of the shooter. He described the shooter as a black male with a dark complexion. He testified that the man was approximately 5'8" tall, and had a slim, muscular build. Johnson also described the shooter as having a "waves" hairstyle. Thus, Johnson was able to describe the shooter's complexion, height, build, and even his hairstyle. It is unclear what additional information Johnson could have provided regarding the shooter's identity considering that Johnson did not know the shooter and therefore could not identify the shooter by name.

Therefore, I disagree with the majority that Johnson only provided minimal information regarding the identity of the shooter and that Johnson's failure to provide additional information made his testimony incredible.

I further disagree with the majority's conclusion that there was no indication that Wray was the victim of the shooting. I first note that the trial court did not consider this as a basis for its conclusion. Additionally, contrary to the majority's conclusion, I believe that the circumstances indicate that Wray was the victim Johnson observed. Johnson testified that he observed the victim to the extent that he was able to see that the victim had a scared expression on his face. Johnson testified to being in the immediate vicinity of the shooting at the approximate time of the shooting. Wray and Day testified that Wray was hosting a barbeque at his house during the night of the incident, and Wray testified that he was walking outside when he was shot. Neither Wray nor Day testified that they observed another shooting or its aftermath in the area, and neither testified to observing anything else unusual regarding their surroundings before the incident. None of the witnesses testified to seeing any police cars or ambulances in the area unrelated to Wray's shooting. Thus, there is no basis to conclude that Johnson observed another shooting in the area. Therefore, I disagree with the majority's conclusion that there was no indication that Wray was the victim of the shooting.

Finally, the majority notes that there were numerous discrepancies between Wray's testimony and Johnson's testimony with regard to the essential facts of the shooting. However, this is exactly why the new evidence makes a different result probable on retrial. Johnson and Wray both testified that the shooting occurred in the same approximate area at the same approximate time. The differences in their testimony were with regard to the manner of the shooting itself. The differences only add to the probability that Johnson's testimony would have led to a different result on retrial. The majority fails to explain how the discrepancies made Johnson's testimony unbelievable or less credible than Wray's testimony. Accordingly, I conclude that the trial court abused its discretion by determining that a different result on retrial was not probable. The trial court improperly considered Johnson's prior convictions and criminal history dispositive on the issue whether a different result was probable on retrial, and the court failed to consider the content of Johnson's testimony. I would therefore reverse defendant's convictions and sentences, and remand for a new trial based on newly discovered evidence.


/s/ Kathleen Jansen